Curia, per Johnsow, Ch.
At the hearing in the circuit court I undeistood the counsel for the appellant to concede the principle on which the order now appealed from proceeds, and did not therefore think it important to sustain it by authority, and I suppose that the appeal is now made, rather to satisfy the wishes of the client, than upon the opinion of his counsel, and he is certainly entitled to the opinion of this court. The question there was the same as that now made, and I decided it upon the authority of Ch. J. Marshall in Gallego vs. Gallego’s Ex'ors, 2 Brockenb. 285, and it will be sufficient to refer to that high authority, as conclusive of it. There, the husband, whose wife was a relation of the testator, and who would at his death become one of his heirs, or distributees, drew bills on the testator, who resided in Baltimore, to the amount of $2000, and at the same time addressed him a letter requesting him to honor them. He did so, by accepting them and making arrangements for paying them in Richmond, and communicated the transaction to his partner there, by letter, and requested him, in the language of the letter, to debit the husband with the amount “for the sake of form, and that the amount may appear against him, or his heirs, when I am no more, to be deducted out of the share coming to the family.” The charge was accordingly made in the books, and remained there at the death of the testator. The testator died some *77 years after this transaction, and by his will gave a legacy to the wife, and the husband afterwards assigned and released all his interest in it to the wife. The wife brought a bill, by her next friend, for an account and payment of the legacy, and the defendant, the executor, admitting assets, resisted the payment, on the ground that the debt due by the husband to the testator should be discounted against the legacy. But the defence was not sustained, and it was held that the wife was entitled to the legacy. The ground on which the judgment proceeds is, that a legacy to the wife, until reduced to possession by the husband, is, in equity, the chose in action of the wife, and that when suits are brought by the husband alone, or by the husband and wife jointly, to reduce it to possession, the English courts of equity will not decree payment, without directing a reasonable provision for the wife. The Chief Justice seems to place some reliance on the assignment of the husband to the wife, but that, as I understand it, is on the principle that whilst the court will especially guard the rights of the wife, those of the husband will not be overlooked, and that he also will be provided for out of the dio-ses of the wife, according to the circumstances of the case, and that the assignment operated as an abandonment of any claim on his part, to be provided for out of the fund. He places some reliance too on the circumstance, that the will was executed after the husband became indebted to the testator, and gives the legacy without providing that the debt should be paid out of it, as indicating his intention that the legacy given to the wife was independent of it: and he adds, that had the money been advanced subsequent to the date of the will, there would have been more reason for considering it in part payment of the legacy, but even then it would not necessarily be so considered.
It does not appear here, from the statement made in the brief by the counsel for the appellant, whether the indebtedness of the complainant’s husband to the defendant’s testator, arose before or after the execution of the will, and it is but a reasonable inference that it was before, as the fact, if important at all, would not have been overlooked; and, adopting the principle of the case referred to, that would be decisive of this. Besides, there is something in the terms of this bequest which strikes me as indicating an intention, on the part of the testator, not only that the legacy should not be burthened with the debt due to him by the complainant’s husband, butthat he intended it as aseparate provision for her. It is not in the usual terms “ I give and bequeath,” *78 and the like, but — “ Also, I do direct that after the payment of the aforementioned expenses, debts, and legacies, there shall be paid to Mrs. C. Lewis wife of Dr. John B. Lewis, eight thousand dollars.” And when it is known that the testator died possessed of a large estate, which he devised to his collateral relations, having no wife or lineal descendants — that Mrs. Lewis was his niece — Dr. Lewis living in his immediate neighborhood, and that he, in all probability, knew that he was insolvent — it can hardly be supposed that he intended to mock his niece, by giving her a legacy which he intended to be swallowed up by the debt due to himself, or by the other debts of an improvident husband. In legal strictness, the terms of the bequest could not be interpreted a gift to the separate use of the wife, but they indicate that there was something in the mind of the testator, which would have induced him to direct that the money should be paid to her personally, and that he, or whoever else drafted the will, was ignorant of the terms necessary to carry his intention into eifect; and all that I deduce from the circumstances is, that they strengthen the conclusion, that the testator did not intend that the debt of Dr. Lewis to himself should be paid out of the legacy to his wife.
There is no complaint that the whole legacy is more than a reasonable provision for the complainant and her children. The decree of che circuit court is therefore affirmed and the appeal dismissed.
Harper and DunkíN, CC. concurred.